IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,
 vs.           **Case No. 07-40029-02-RDR**

JON ARCH BUCHANAN,

    Defendant.

**O R D E R**

This matter is presently before the court upon defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.[1]

The defendant entered into a plea agreement with the government pursuant to Fed.R.Crim.P. 11(c)(1)(C). The plea agreement provided that he would plead guilty to conspiracy to possess with intent to distribute cocaine base in violation of 18 U.S.C. § 846. The parties agreed that the sentence in the case would be 84 months. The court approved the plea agreement. The court sentenced the defendant to a term of 84 months on November 16, 2008.

---

[1] The defendant sought additional time to file a reply to the government's response. The court granted this motion and allowed the defendant until January 17, 2012 to file his reply. To date, the defendant has not filed a reply. Accordingly, the court will proceed to decide his motion based upon the arguments already presented.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("the FSA"), Pub.L. No. 111-220, 124 Stat. 2372, which, inter alia, modified the penalties for crack cocaine offenses. The FSA authorized the United States Sentencing Commission to amend the United States Sentencing Guidelines (U.S.S.G.) to give effect to the FSA on an emergency basis. Id. § 8. Pursuant to this power, the Sentencing Commission issued Amendment 748. That provision became effective on November 1, 2010 and amended the Drug Quantity Table in U.S.S.G. § 2D 1.1(c) to reflect the revised penalties for crack cocaine offenses. U.S.S.G. App. C, Amend. 748. Amendment 748 was not made retroactive at that time. See U.S.S.G. § 1B1.10 (2010 ed.). Amendment 750 to the Guidelines, which became effective on November 1, 2011, made the changes in Amendment 748–-including the crack cocaine offense guideline revisions--permanent. U.S.S.G. App. C, Amend. 750.

In the instant motion, the defendant seeks to have the court apply the retroactive crack cocaine amendments to his case. He contends that, based upon these amendments, plus the application of 18 U.S.C. § 3553(a), the court should reduce his sentence to a term of 60 months.

The government contends that the defendant's sentence should remain at 84 months because his sentence was not based upon the quantity of cocaine base that he conspired to distribute, but rather was based upon an agreement the defendant reached with the

government under Rule 11(c)(1)(C).  The government further contends that the Supreme Court's recent decision in United States v. Freeman, 131 S.Ct. 2685 (2011) does not require a different result.

In Freeman, the Supreme Court determined, in a split majority opinion, that defendants who are sentenced in accordance with binding agreements under Rule 11(c)(1)(C) may in some cases be eligible for relief under § 3582(c)(2).  Justice Sotomayor indicated in her controlling concurrence, see United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011), that a Rule 11(c)(1)(C) sentence is eligible for relief under § 3582(c)(2) where the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment." Id. at 2698 (Sotomayor, J., concurring).

Here, the parties did not use the sentencing range established by the Guidelines to determine the term of imprisonment.  The parties made that clear in the plea agreement:

> **Application of the Sentencing Guidelines**.  The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

The application to the Guidelines at the time of the defendant's sentence would have provided for a range of 87 to 108 months based upon a Criminal History Category of III and an Offense Level of 27.  The amendments to the crack cocaine quantity guidelines would have reduced the defendant's offense level to 25.

3

This would have provided a guideline range of 70 to 87 months.

Since the defendant's sentence was not tied to the guideline range of 87 to 108 months, the court is bound by the sentence agreed to by the parties under Rule 11(c)(1)(C). See, e.g., United States v. Curry, 2011 WL 6378821 at * 2 (E.D.Pa. 2011). Accordingly, the defendant's motion must be denied.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 56) be hereby denied.

**IT IS SO ORDERED.**

Dated this 25th day of January, 2012 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge